UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-048-RGJ

| | |
|---|---|
| DONNA DISSELKAMP, *et al.* | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| NORTON HEALTHCARE, INC., *et al.* | ) |
| | ) |
| Defendants | ) |

**LOCKTON DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Lockton Investment Advisors, LLC, and Lockton Financial Advisors, LLC ("Lockton") have joined the Motion filed by the Norton Defendants to Dismiss Counts I., II., III., IV., and VII. of Plaintiffs' First Amended Complaint ("FAC"). Lockton has also moved to dismiss Count VI. of the FAC, which alleges that Lockton is liable for Norton's alleged breaches of fiduciary duty alleged in Counts I.-IV. and VII. For the same reasons that Norton argues that those Counts fail to state claims under which relief may be granted, the claims against Lockton as a co-fiduciary should be dismissed.

This Memorandum addresses Lockton's Motion to Dismiss Count V. of the FAC. (Doc. 20, Page ID ## 78-80).

## FACTUAL BACKGROUND

Lockton adopts the "Background" statement of the Norton Defendants' Motion to Dismiss. In addition, Lockton states:

As noted in ¶ 37 of the FAC, Lockton's services for the Norton Defendants and their 403(b) Plan was governed by a written agreement ("Services Agreement"). (Doc. 20, Page ID # 193). That agreement is attached as Exhibit A to this memorandum.[1]

Under the Services Agreement, Lockton and Norton agree that Lockton has no discretion and "is not authorized to invest, sell, or reinvest the Plan's assets." (Ex. 1, ¶ 1). The Services Agreement acknowledges that Lockton is a fiduciary under Section 3(21) of ERISA but only with respect to services that constitute "investment advice" under Section 3(10)(A)(ii) of ERISA. (*Id.*, ¶ 7). That same paragraph notes that Lockton "will have no responsibility for providing advice with respect to the diversification of all of the Plan's investments…." (*Id.*).

## STANDARD OF REVIEW

Motions under Fed.R.Civ.P. 12(b)(6) are an "important mechanism for weeding out meritless claims" in ERISA fiduciary actions. *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471(2014).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] Where documents attached to a motion to dismiss are vital to an analysis of the plaintiff's claims, the Court may consider them even though they are outside the pleadings. *See Fisk v. Cigna Grp. Ins.*, No. 10-273-DLB-CJS, 2011 WL 4625491, at *2 (E.D. Ky. Oct. 3, 2011) (explaining that documents attached to a motion to dismiss are considered part of the pleadings if referred to in the complaint and are central to the allegations therein). Where a plaintiff fails to introduce a pertinent document as part of her pleading, a defendant may introduce the exhibit as part of a motion to dismiss attacking the pleading. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). … Indeed, documents integral to or relied upon in a complaint may be considered on a motion to dismiss even if they are not literally attached. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

*Coontz v. Metropolitan Life Insurance Company*, 1:17-CV-00015-GNS, 2017 WL 4227656, at *3 (W.D. Ky. Sept. 22, 2017)(footnote 2 omitted from quote).

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Legal conclusions "'couched as … factual allegation[s]' need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted).

A complaint's factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin American Citizens v. Bredsen*, 500 F.3d 523, 527 (6th Cir. 2007) (Emphasis in original). If a complaint fails to meet this threshold level of plausibility, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 557-58.  Rule 8 simply "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### ARGUMENT AND CITATION TO AUTHORITY

**I.     The FAC does not sufficiently allege that Lockton is a fiduciary.**

Plaintiff alleges that Lockton is a fiduciary because it gave investment advice to the Plan for a fee, citing 29 U.S.C. §1002(21)(A)(ii). To plead that a defendant is a fiduciary under this section, "a plaintiff must plead facts sufficient to demonstrate that:

> (1) The defendant provided individualized investment advice; (2) on a regular basis; (3) pursuant to a mutual agreement, arrangement, or understanding that (4) the advice would serve as a primary basis for the plan's investment decisions; and (5) the advice was rendered for a fee."

*Walker v. Merrill Lynch & Co, Inc.*, 181 F.Supp.3d 223, 233-34 (S.D.N.Y. 2016). This test derives from 29 C.F.R. § 2510.3-21c(1), the Department of Labor Regulations meant to clarify

ERISA Section 3(21) (a)(ii) (the "DoL Definition").[2] *See Daniels v. National Employee Benefit Services, Inc.*, 858 F.Supp. 684, 689 (N.D. Ohio 1994). "[S]ince a person is a fiduciary 'to the extent' that he or she does the enumerated actions, the same person may be a 'fiduciary' in some but not all of his activities." *Toledo Blade Newspaper Unions-Blade Pension Plan and Trust v. Investment Performance Services, LLC.*, 373 F.Supp.2d 735, 741 (N.D. Ohio 2005). "ERISA imposes liability on fiduciaries only with respect to those actions over which they exercise authority and control." *In Re Beacon Associates Litigation*, 818 F.Supp.2d 697, 709 (S.D.N.Y. 2011). *See* 29 U.S.C. § 1002(21)(A).

To the extent that Plaintiffs have pleaded a mutual understanding or agreement between Lockton and Norton—the third element in DoL Definition—the Service Agreement is central to their allegations. That Service Agreement is the beginning point for analyzing the remaining elements of that pleading test. While its existence may satisfy the third element of that test, at least to the extent of showing a mutual understanding or agreement, analysis of the Service Agreement shows that Plaintiffs have not met and cannot meet other elements of the test.

---

[2] The DoL Definition in place at the time Lockton entered the Service Agreement states:

A person shall be deemed to be rendering "investment advice" to an employee benefit plan, within the meaning of section 3(21)(A)(ii) of the Employee Retirement Income Security Act of 1974 (the Act) and this paragraph, only if:

(i) Such person renders advice to the plan as to the value of securities or other property, or makes recommendation as to the advisability of investing in, purchasing, or selling securities or other property; and

(ii) Such person either directly or indirectly (e.g., through or together with any affiliate)-

(A) Has discretionary authority or control, whether or not pursuant to agreement, arrangement or understanding, with respect to purchasing or selling securities or other property for the plan; or

(B) Renders any advice described in ¶ (c)(1)(I) of this section on a regular basis to the plan pursuant to a mutual agreement, arrangement or understanding, written or otherwise, between such person and the plan or a fiduciary with respect to the plan, that such services will serve as a primary basis for investment decisions with respect to plan assets, and that such person will render individualized investment advice to the plan based on the particular needs of the plan regarding such matters as, among other things, investment policies or strategy, overall portfolio composition, or diversification of plan investments.

*Toledo Blade Newspaper Unions-Blade Pension Plan and Tr. v. Investment Performance Services, LLC*, 373 F. Supp. 2d 735, 741 (N.D. Ohio 2005)

First, the Service Agreement does not show (and Plaintiffs have not otherwise alleged) that Lockton had "discretionary authority or control, whether or not pursuant to an agreement, arrangement or understanding, with respect to purchasing or selling securities or other property for the plan." 29 U.S.C. § 1002(21)(A)(ii)(A). Cases holding that a person or entity was a fiduciary "have a common theme conspicuously absent here, *viz.*, the authority to exercise control unilaterally over a portion of a plan's assets, not merely to propose investments." *Farm King Supply, Inc. Integrated Profit Sharing Plan and Tr. v. Edward D. Jones & Co.*, 884 F.2d 288, 292 (7th Cir. 1989). The FAC does not allege that Lockton enjoyed unilateral control over any part of the Plan's assets, and the Services Agreement shows that Lockton would not be the person or entity who chose investments.

Nor does the FAC allege that Lockton gave investment advice "on a regular basis." The service agreement includes an Exhibit A, which sets forth the advisory services Lockton would provide to Norton. The second section of the table in Exhibit A labeled "Investment Selection and Monitoring," states that Lockton will provide those services "[a]s needed." Thus, the Services Agreement itself does not contemplate that Lockton will give advice on a periodic basis. The FAC uses the word "regular" only twice, in ¶¶174-175, which relate to recordkeeping functions rather than investment advice. It also uses the word "regularly" to note that Lockton faces periodic audits. (FAC, ¶ 256). But nowhere does it claim that Lockton gave regular investment advice, or allege facts showing that Lockton did so. Thus, the FAC fails to meet the second element of the pleading test.

It also fails to meet the fourth prong of the DoL Definition, by failing to plead that Lockton and Norton intended that Lockton would give regular advice which was to be a "primary basis for the plan's investment decisions." It alleges that Norton was only "advised by Lockton" as to various aspects of the plan, but makes it clear that Lockton did not have the final selection of investment options. (FAC, ¶ 38). *See Capital Creation Company v. Metropolitan Life Insurance, et al.*, 1992 WL 218296 (N.D. Ohio, Aug. 26, 1992), *12 (Finding insufficient evidence that investment advice would be a "primary basis" where documents exchanged between an ERISA plan and an advisor indicate that the plan would decide which investments to buy); *Mid-Atlantic Perfusion Associates, Inc. v. Professional Association Consulting Services,*

5

*Inc.*, 1994 WL 418990, *6 (E.D. Pa., August 9, 1994), aff'd without written opinion, 60 F.3d 816 (3rd Cir. 1995).

The FAC fails on at least two elements of the pleading test that Plaintiffs must meet to plausibly allege that Lockton was a fiduciary for the conduct described in the FAC. Because its claims against Lockton hinge on the faulty premise that Lockton was a fiduciary, the FAC as a whole fails to allege facts upon which Plaintiffs are entitled to relief, and all claims against Lockton should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

**II.     Count V. of the FAC alleges insufficient facts to hold Lockton liable as a fiduciary.**

Count V. of the FAC is the only Count of the Complaint that attempts to state claims solely against Lockton. It alleges that Lockton failed to provide prudent investment advice about the Stable Value option of the plan (FAC, ¶¶245-255) and Mutual Fund Options (FAC ¶¶256-261). It also alleges that Lockton failed to properly advise Norton regarding its recordkeeping fees, which it alleges were a percentage of the Plan's assets. (FAC, ¶¶262-268).

The linchpin of Count V. is the allegation that Lockton acted "as a 3(21) investment advice fiduciary to the Plan…." (FAC, ¶241). As noted above, Plaintiffs have failed to allege facts that show Lockton was a fiduciary for its conduct described in the Complaint. Because the allegations in Count V. depend upon the unsupported claim that Lockton is a fiduciary, Count V fails for this reason.

But the allegations of Count V. fail for their own internal reasons, as Lockton addresses below.

**A.      The FAC fails to state a claim regarding the Stable Value Fund.**

Lockton adopts the argument and authorities set forth by Norton in Section I.C. of its Argument supporting its Motion to Dismiss. As noted in that argument, Principal had an A+ credit rating at the time it is alleged that Lockton advised Norton to adopt the Principal Guaranteed Income Option. The fact that other vehicles may have had an A++ credit rating at the time does not support the allegation that investing in the Principal Guaranteed Income Option exposed the Plan to a credit risk. (FAC, ¶ 46). The FAC fails to allege facts which, if proven, would show any actual harm resulting from the selection of the Principal option.

As for the performance of the Principal option, Norton's Argument correctly notes that ERISA does not impose the test of hindsight; Lockton's advice and Norton's investment selections must only have been prudent at the time they were made.

Finally, the FAC alleges that Lockton had a conflict of interest in recommending the Principal Option that it did not sufficiently disclose to Norton. That claim is devoid of supporting facts, and is precisely the kind of conclusory legal allegation that "need not be accepted as true on a motion to dismiss…." *Fritz v. Charter Twp. of Comstock*, *supra,* 592 F.3d at 722. Allegations of conflict of interest that do nothing more than allege that a defendant's compensation might be affected by a recommendation fail to state a claim for breach of fiduciary duty. *In re: Polaroid Erisa Litigations*, 362 F.Supp.2d 461, 479 (S.D.N.Y. 2005). Coupled with their failure to allege actual harm from the Plan's selection of the Principal Guaranteed Income Fund, Count V of the FAC, ¶¶ 245-255 state no claim against Lockton and should be dismissed.

**B.      The FAC fails to state a claim regarding the Mutual Fund Options.**

Paragraphs 256-261 allege that Lockton applied an improper "standard of care to the selection of the mutual fund investment options to the Plan." (FAC ¶257). Lockton adopts section I.B. of Norton's argument and the authorities cited in that section. These paragraphs allege—with no supporting factual allegations—that it was Lockton who selected the classes of mutual funds that plan participants could buy. (¶¶ 256-67).This conclusory allegation is not supported by the Service Agreement to which the Complaint alludes, or by other facts that, if proven, would entitle the Plaintiffs to recover against Lockton. Thus, it should not be accepted as true. *Fritz*, *supra*.

Norton aptly points out that the FAC advances a theory courts have rejected—that a fiduciary may be held liable for failing to select institutional-class funds or "cheaper" funds. *Hecker v. Deere & Co.*, 556 F.3d 575, 586 (7th Cir. 2009); *Loomis v. Exelon*, 658 F.3d 667, 670-72 (7th Cir. 2011); *Renfro v. Unisys Corp.*, 671 F.3d 314, 319, 326-28 (3d Cir. 2011) (characterizing as "nothing more than conclusory assertions" plaintiffs' allegations that their plan fiduciary did not choose a proper mix of investment options).

Lockton is entitled to dismissal of this portion of Count V. because there are no factual bases from which it may be inferred that Lockton had the authority to finally select investment options, and because it fails to allege that whoever selected the investment options violated a fiduciary duty when it did so.

C.     **The FAC fails to state a claim regarding Record Keeping Fees.**

Count V.3., paragraphs 262-268, allege that Lockton breached fiduciary duties related to recordkeeping. The threshold question is whether Lockton is a fiduciary at all for this purpose. While the Service Agreement acknowledges that Lockton is a fiduciary within the meaning of ERISA, Section 3(21)(A)(ii), it does so "only with respect to the provision of services described on Exhibit A hereto that constitute 'investment advice.'" (Ex. 1, paragraph 7). A review of Exhibit A shows that Lockton and Norton considered "Fee & Service Benchmarking" to be a separate category of services from "Investment Selection and Monitoring." As noted above, a person or entity may be considered an ERISA fiduciary for one purpose, but not another. *Toledo Blade Newspaper Unions-Blade Pension Plan and Trust v. Investment Performance Services, LLC.*, *supra,* 373 F.Supp.2d at 741 (N.D. Ohio 2005). Lockton certainly did not agree to be a fiduciary for the purpose of record keeping; thus Plaintiffs must plead and prove that it became a fiduciary absent an agreement.

Paragraphs 262-268 allege that Lockton improperly "permitted" Principal to charge Norton an asset-based record keeping fee (¶264) that was prone to lead to excessive fees as a percentage of assets. An earlier paragraph alleges that a reasonable record keeping fee would not have exceeded $50 per participant in 2012 (¶176), and that the cost per participant actually was $70 (¶178). However, there is no support for the $50 number other than the FAC's bare assertion. This allegation should not suffice. *See Creamer v. Starwood Hotels & Resorts Worldwide, Inc.*, 2017 WL 2909408 (C.D. Cal., May 1, 2017)(allegation supported by a survey of median recordkeeping costs sufficient to state a claim). Furthermore, the allegation that Lockton "permitted" Norton to pay an asset-based fee does not comport with the tenor of the Service Agreement. That Agreement gives Lockton no discretion or to "permit" Norton to select any kind of fee, and Plaintiffs plead no other facts from which such authority may be inferred.

8

In another ERISA case, the plaintiffs alleged that TIAA-CREF—which Plaintiffs' here seem to regard as the gold standard—impermissibly mandated the inclusion of its own money market account into the plan. *Sweda v. University of Pennsylvania*, 2017 WL 4179752 (E.D. Pa., September 21, 2017). The *Sweda* plaintiffs also attacked the plan's recordkeeping fees. That court rejected the claim that an asset-based model was a *per se* breach of fiduciary duty, noting (as does Norton in its motion) that asset-based models may benefit lower-income plan members. Such an allegation, alone, does not support the claim of a fiduciary breach: "[T]here are lawful explanations for such an arrangement, and the plaintiffs need something more than a claim that there may be (or even are) cheaper options available." *Id.*, *8. "The plaintiffs must show that there were no reasonable alternatives given to plan participants to choose from, which the plaintiffs have not pled." *Id.*

The court also noted that even where cheaper options for recordkeeping may be available, ERISA fiduciaries must consider more than cost. They must "balance 'providing benefits to participants and their beneficiaries' and 'defraying reasonable expenses of administering the plan.' 29.U.S.C. § 1104(a)(1). Without plausibly pleading that these two options were not met, a plaintiff cannot state a claim for relief." *Id.* Rule 12(b)(6)'s pleading standard is not met by "only conclusory allegations suggesting self-dealing or disloyal conduct." *Cunningham v. Cornell University*, 2017 WL 4358769, *10 (S.D.N.Y., September 9, 2017).

## Conclusion

Plaintiffs' claim under Count VI. that Lockton is liable as a co-fiduciary for the breaches alleged under Counts I., II., III., IV., and VII. should be dismissed for the same reasons Norton states in support of its Motion to Dismiss.

With regard to Count V., the Court must address the threshold question of whether Lockton is a fiduciary for the conduct alleged in that Count. It is tautological to argue that Lockton is a fiduciary because the Service Agreement acknowledges that it is so only under Section 3(21)(A)(ii) of ERISA, and even then only with regard to conduct that may be considered "investment advice." Plaintiffs have not pleaded facts that show Lockton meets the requirements for a fiduciary for the conduct described in Count V. Furthermore, the conclusory

allegations in Count V do not allege conduct that would constitute a breach, even if Lockton were a fiduciary.

For these reasons, Lockton respectfully requests that this Court dismiss the First Amended Complaint against it.

Respectfully submitted,

Mazanec, Raskin & Ryder Co., L.P.A.

/s/ *Todd M. Raskin*_____
Todd M. Raskin
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
(440) 248-7906
TRaskin@MRRlaw.com

and

Barry Miller
Christina L. Vessels
230 Lexington Green Circle, Suite 605
Lexington, KY 40503
(859) 899-8499
BMiller@MRRlaw.com
CVessels@MRRlaw.com
*Counsel for the Lockton Defendants*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served electronically in accordance with the method established under the ECF User Manual for the United States District Court, Eastern and Western Districts, upon those registered to receive electronic service, on this the 12th day of June, 2018.

*/s/ Barry M. Miller*_____
BARRY M. MILLER (82713)
Counsel for Defendants
Lockton Investment Advisors, LLC and
Lockton Financial Advisors, LLC