**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| DONNA DISSELKAMP, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 3:18-cv-048-GNS-CHL |
| ) | |
| NORTON HEALTHCARE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' UNOPPOSED MOTION**
**FOR CONDITIONAL CLASS CERTIFICATION**
**AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Donna Disselkamp, Erica Hunter, Sey Momodou Bah, Kathy Reed, and Curtis Cornett and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, in accordance with Federal Rule of Civil Procedure 23(e), hereby move for conditional class certification and preliminary approval of the class action settlement. Defendants do not oppose this Motion.

In support of this motion, Plaintiffs submit:

a) Memorandum in Support of Plaintiffs' Unopposed Motion for Conditional Class Certification and Preliminary Approval of Class Settlement;

b) Stipulation of Settlement with Exhibits; and,

c) Proposed Order of Preliminary Approval; and,

As grounds for said motion, the Plaintiffs state as follows:

1. Plaintiffs brought this action alleging that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by, among other things, causing the Norton Healthcare 403(b) Retirement Savings Plan (the "Plan") injury by: (i) selecting and maintaining "higher cost share class" investment options in the for which substantially identical investments were available at a lower cost; (ii) selecting and maintaining a general account stable value fund that was not sufficiently diversified and that offered below-market crediting rates as an investment option; (iii) failing to select the most cost-effective share class of mutual fund options; (iv) paying excessive administrative expenses for administrative services; (v) failing to include more than one short-term fixed income option; (vi) failing to monitor other fiduciaries; and, (vii) failing to supply requested information in violation of ERISA § 104(b).

2. After litigation, including extensive discovery and protracted arm's-length negotiations with the assistance of a nationally recognized mediator, the Settling Parties reached a Settlement that provides significant relief to Class Members.

3. The Settlement Class is defined as follows:

All persons, other than Defendants, who were participants as of January 22, 2012, in the Norton Healthcare 403(b) Retirement Savings Plan ("Plan"), including: (i) beneficiaries of deceased participants who, as of January 22, 2012, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of January 22, 2012, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (iii) all persons, other than Defendants, who have been participants or beneficiaries in the Plan and had account balances in the Plan at any time between January 22, 2012, through the date of preliminary approval of the Settlement.

4. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of the litigation. Preliminary approval of the Settlement is in the best interests of the Class Members. In return for a release of the Class Representatives' and Class Members' claims herein, the Defendants have agreed to pay a sum of $5,750,000.00 into a Settlement Fund.

5.    The first step in approving any proposed settlement in a class action is preliminary approval. Manual for Complex Litigation, Fourth, §21.632, at 320–21 (Fed. Jud. Ctr. 2004). At this stage, the Court reviews the proposed settlement to determine whether it is sufficient to warrant class notice and a hearing. *Id.*

6.    The Settlement reached between the Parties more than justifies class notice and a hearing and is sufficient to warrant preliminary approval by the Court. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting any dissenting viewpoints to the Court.

7.    By this Motion, Plaintiffs request the following:

   a.    That the Court enter an Order granting preliminary approval of the Settlement;

   b.    That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation; that such objections, if any, be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the Settling Parties the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

   c.    That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Settlement Agreement. However, given the processing and mailing of Settlement Notices, the objection deadline to the Settlement, the review and approval period of the Independent Fiduciary, among other interim milestones and deadlines, Plaintiffs request that a Fairness Hearing not be scheduled before April 1, 2020; and

    d. Grant such other relief as is just.

Dated: December 22, 2020    Respectfully Submitted,

            */s/ John S. Friend*
            John S. Friend
            Robert W. "Joe" Bishop
            Lauren E. Freeman
            Bishop Friend, PSC
            6520 Glenridge Park Place, Suite 6
            Louisville, KY 40222
            firm@bishoplegal.net

            Frank H. Tomlinson
            Tomlinson Law, LLC
            2100 First Avenue North, Suite 600
            Birmingham, Alabama 35203
            hilton@tomlawllc.com

            James H. White, IV
            James White Firm, LLC
            2100 First Avenue North, Suite 600
            Birmingham, AL 35203
            james@whitefirmllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, a copy of the foregoing, and all attachments and exhibits, was served electronically on all parties of record in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order.

            */s/John S. Friend*