UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00048-GNS-CHL

DONNA DISSELKAMP, et al.                                                    PLAINTIFFS

v.

NORTON HEALTHCARE, INC., et al.                                         DEFENDANTS

<u>**ORDER**</u>

This matter is before the Court on Plaintiffs' Motion to Certify Class (DN 96) and Plaintiffs' Unopposed Motion for Conditional Class Certification and Preliminary Approval of Class Settlement (DN 116), for preliminary approval is a Settlement ("**Settlement**") of this class action ("**Action**"). Plaintiffs' Motion to Certify Class (DN 96) is **DENIED AS MOOT**, and Plaintiffs' Unopposed Motion for Conditional Class Certification and Preliminary Approval of Class Settlement (DN 116) is **GRANTED**.

Plaintiffs Donna Disselkamp, Erica Hunter, Sey Momodou Bah, Kathy Reed, and Curtis Cornett (collectively "**Plaintiffs**") have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("**ERISA**"), with respect to the Norton Healthcare 403(b) Retirement Savings Plan ("**Plan**") against Defendants Norton Healthcare, Inc. and the Norton Healthcare Retirement Committee (collectively "**Norton Defendants**"), and Lockton Investment Advisors, LLC ("**Lockton Defendant**").[1] The terms of

---

[1] The Norton Defendants and the Lockton Defendant are collectively referred to as the "**Defendants**." Defendants and Plaintiffs are collectively referred to as the "**Parties**" and individually referred to as a "**Party**."

1

the Settlement are set out in a Stipulation of Settlement executed on December 22, 2020 ("**Stipulation**"), which has been signed by Plaintiffs' Counsel on behalf of the proposed Settlement Class and Defendants.  Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation.  The "**Settlement Class**" is defined in this Order below.  Having considered Plaintiffs' Unopposed Motion for Conditional Class Certification and Preliminary Approval of Class Settlement (DN 116) and the Stipulation attached thereto in order to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

<u>**Jurisdiction.**</u>  The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

<u>**Class Findings.**</u>  The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

(a)   The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b)   Based on allegations in Plaintiffs' Amended Complaint (DN 20), the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c)   Based on allegations in the Complaint, the Court preliminarily finds that the Plaintiffs' claims are typical of the claims of the Settlement Class.

2

(d)     Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that:  (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions.

(e)     The prosecution of separate actions by individual Members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification.**  Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class for settlement purposes under Fed. R. Civ. P. 23(b)(1) in this litigation ("**Settlement Class**"):

> All persons, other than Defendants, who were participants as of January 22, 2012, in the Norton Healthcare 403(b) Retirement Savings Plan, including:  (a) (i) beneficiaries of deceased participants who, as of January 22, 2012, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of January 22, 2012, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than Defendants, who have been participants or beneficiaries in the Plan and had account balances in the Plan at any time between January 22, 2012, through the date of this Order.

The "**Class Period**" is defined as January 22, 2012, through the date of this Order.

3

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1).  As required by Fed. R. Civ. P. 23(g), the Court has considered:  (i) Class Counsel's work in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the class.  Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class.  Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court preliminarily designates John S. Friend, Robert W. "Joe" Bishop, Lauren E. Freeman, and Anita E. Zipfel of Bishop Friend, PSC, Frank H. Tomlinson of Tomlinson Law, LLC, James H. White, IV of James White Firm, LLC, and Brice M. Johnston of Johnston Law Firm, P.C. as Class Counsel ("**Class Counsel**") with respect to the Settlement Class in this Action.

As indicated above, the Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, hereby appoints Plaintiffs Donna Disselkamp, Erica Hunter, Sey Momodou Bah, Kathy Reed, and Curtis Cornett as the representatives of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Preliminary Approval of Settlement.**  The Settlement documented in the Stipulation is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that:  (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Stipulation was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Stipulation is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing.**  A hearing ("**Fairness Hearing**") pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on **July 15, 2021, at 10:30 AM ET** at the U.S. District Court for the Western District of Kentucky, Gene Snyder United States Courthouse, 601 W. Broadway, Louisville, Kentucky 40202-2227 to determine finally, among other things:

(a)     Whether the Settlement should be finally approved as fair, reasonable, and adequate;

(b)     Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

(c)     Whether the litigation should be dismissed with prejudice pursuant to the terms of the Stipulation;

(d)     Whether the Final Approval Order attached to the Stipulation should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Stipulation;

(e)     Whether the notice and notice methodology implemented pursuant to the Stipulation (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f)     Whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Stipulation as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g)     Whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(h)     Whether the Settlement has been negotiated at arm's-length by Class Counsel on behalf of the Plan and the Settlement Class; whether Plaintiffs have acted independently; and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies;

(i)     Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(j)     Whether incentive awards should be awarded to Plaintiffs; and

(k)     Any other issues necessary for approval of the Settlement.

**Class Notice.**  The Parties have presented to the Court a proposed Class Notice, consisting of a Short Form Class Notice and a Long Form Class Notice, which is appended to the Stipulation as Exhibit 2.  The Court **APPROVES** the forms and content of the Class Notice, finding that it fairly and adequately:  (1) describes the terms and effect of the Stipulation and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement.  The Parties have proposed the following manner of communicating the notice to Members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Plaintiffs shall:

    (a)    By no later than 60 days before the Fairness Hearing, cause the Short Form Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known address of each Member of the Settlement Class who can be identified by reasonable effort.

    (b)    By no later than 60 days before the Fairness Hearing, cause the Long Form Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be electronically published on a website maintained by the Settlement Administrator.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

**Objections to Settlement.**  "**Objector**" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation, to the proposed case contribution awards, or to the proposed award of attorney fees and expenses.  Any Objector must file with the Court a statement

7

of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection.  Any objection must be signed by the Settlement Class member.  The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties, as stated below.  The addresses for filing objections with the Court and service on counsel are as follows:

| CLERK OF COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk, U.S. District Court | John S. Friend | Emily S. Costin |
| Clerk's Office | Robert W. "Joe" Bishop | ALSTON & BIRD LLP |
| Gene Snyder United States | Lauren E. Freeman | 950 F Street NW |
| Court House | Anita E. Zipfel | Washington, DC 20004-1404 |
| 601 W. Broadway | BISHOP FRIEND, PSC | 202-239-3695 |
| Room 106 | 6520 Glenridge Park Place, | Fax: 202-239-3333 |
| Louisville, KY  40202 | Suite 6 | emily.costin@alston.com |
| | Louisville, KY  40222 | *Counsel for Defendants* |
| | 502-425-2600 | *Norton Healthcare, Inc.* |
| | Fax: 502-425-9115 | *and the Norton Healthcare* |
| | firm@bishoplegal.net | *Retirement Committee* |
| | *Counsel for Plaintiffs* | |
| | | John T. McLandrich |
| | | MAZANEC, RASKIN & |
| | | RYDER CO., LPA |
| | | 100 Franklin's Row |
| | | 34305 Solon Road |
| | | Cleveland, OH  44139 |
| | | (440) 248-7906 |
| | | Fax: (440) 248-8861 |
| | | (859) 899-8499 |
| | | Fax:(859)899-8498 |
| | | jmclandrich@mrrlaw.com |
| | | *Counsel for Defendants* |
| | | *Lockton Investment* |
| | | *Advisors, LLC and Lockton* |
| | | *Financial Advisors, LLC* |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than **July 1, 2021**.  Any Member of the

Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**Appearance at Fairness Hearing.**  An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "**Notice of Intention to Appear"** setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than **July 1, 2021**.  Any Objector who does not timely file and serve a Notice of Intention to Appear in accordance with this paragraph shall not be permitted to appear or be heard at the Fairness Hearing, except for good cause shown.  The Parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

**Response to Objectors.**  The Parties shall respond to any Objector at least seven (7) calendar days prior to the Fairness Hearing, or by no later than **July 8, 2021**.

**Compliance with Class Action Fairness Act.**  Defendants shall, on or before ten (10) calendar days prior to the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and Paragraph 2 of the Stipulation.

**Notice Expenses.**  Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Fund.

**Fees and Expenses Incurred by the Independent Fiduciary, Recordkeeper, and Settlement Administrator.**  The Court understands that the Plan's fiduciaries have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan.  All fees and expenses incurred by the Independent Fiduciary and the Recordkeeper (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary and Recordkeeper) in the course of evaluating and authorizing the Settlement on behalf of the Plan, up to Fifty Thousand Dollars and No Cents ($50,000) ("**Independent Fiduciary and Recordkeeper Fees Amount**"), shall be paid from the Settlement Fund.  Any fees and expenses incurred by the Independent Fiduciary and Recordkeeper (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary and Recordkeeper) in the course of evaluation and implementation of the Settlement (as described in Paragraph 31(b) of the Stipulation) in excess of Fifty Thousand Dollars and No Cents ($50,000.00) shall be paid equally by Defendants and/or their respective insurance carrier(s).

The Court understands that the expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of Retirement Clearinghouse, shall be paid out of the Settlement Fund.

**Application for Attorneys' Fees.**  Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for an incentive award to the Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than **June 17, 2021**.

**Motion for Final Approval of Settlement and Plan of Allocation.** Class Counsel shall file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than **June 17, 2021**.

**Injunction.** Pending final determination of whether the Settlement should be approved, all Members of the Settlement Class and the Plan are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any Releasees.

**Termination of Settlement.** If the Settlement is terminated in accordance with the Stipulation or does not become Final under the terms of the Stipulation for any other reason, this Order and all Class Findings shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order.** In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, a presumption, a concession, or declaration by Defendants of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in this Action or any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in this Action or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of the Stipulation. Furthermore, no part of this Order shall be construed as or received in evidence as an admission, concession or presumption against any Plaintiffs or any of the Members of the Settlement Class that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under this Action would not have exceeded the Settlement Amount. Nor shall the Order be construed or used as an admission,

concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing.**    The Court reserves the right to continue the Fairness Hearing without further written notice.

**SO ORDERED.**

Greg N. Stivers, Chief Judge
United States District Court

March 1, 2021

cc:    counsel of record

12