# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| DONNA DISSELKAMP, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   Case No.: 3:18-cv-48-GNS-CHL |
| | ) |
| NORTON HEALTHCARE, INC., *et al.*, | ) |
| | ) |
|    Defendants. | ) |
| | ) |

## PLAINTIFFS' UNOPPOSED MOTION
## FOR FINAL CERTIFICATION AND FINAL APPROVAL OF CLASS SETTLEMENT

Plaintiffs, Donna Disselkamp, Erica Hunter, Sey Momodou Bah, Kathy Reed, and Curtis Cornett, and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, in accordance with the Federal Rules of Civil Procedure, hereby move for final approval of the class action settlement. Defendants do not oppose this Motion.

In support of this motion, Plaintiffs submit:

a) Plaintiffs' Memorandum in Support of Unopposed Motion for Final Certification and Final Approval of Class Settlement;

b) Exhibits; and,

c) Proposed Order of Final Approval; and,

State as follows:

1. Plaintiffs brought this action alleging that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by, among other things, causing the Norton Healthcare 403(b) Retirement Savings Plan (the "Plan") injury through: (i) selecting and maintaining "higher cost share class" investment options in the Plan, for which substantially identical investments were available at a lower cost; (ii) selecting and maintaining a

general account stable value fund that was not sufficiently diversified and that offered below-market crediting rates as an investment option; (iii) failing to select the most cost effective share class of mutual fund options; (iv) paying excessive administrative expenses for administrative services; (v) failing to include more than one short-term fixed income option; (vi) failing to monitor other fiduciaries; and, (vii) failing to supply requested information in violation of ERISA § 104(b).

2. After litigation, including extensive discovery and protracted arm's-length negotiations with the assistance of a nationally recognized mediator, the Settling Parties reached a Settlement that provides significant relief to Class Members.

3. The Settlement Class is defined as follows:

All persons, other than Defendants, who were participants as of January 22, 2012, in the Norton Healthcare 403(b) Retirement Savings Plan ("Plan"), including: (i) beneficiaries of deceased participants who, as of January 22, 2012, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of January 22, 2012, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (iii) all persons, other than Defendants, who have been participants or beneficiaries in the Plan and had account balances in the Plan at any time between January 22, 2012, through the date of preliminary approval of the Settlement.

4. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of the litigation. Final approval of the Settlement is in the best interests of the Class Members.

Dated: June 17, 2021

Respectfully Submitted,

/s/ John S. Friend
John S. Friend
Robert W. "Joe" Bishop
Lauren Freeman
Bishop Friend, PSC
6520 Glenridge Park Place, Suite 6
Louisville, KY 40222
firm@bishoplegal.net

Frank H. Tomlinson
Tomlinson Law, LLC
2100 First Avenue North, Suite 600
Birmingham, Alabama 35203

        hilton@tomlawllc.com

        James H. White, IV
        James White Firm, LLC
        2100 First Avenue North, Suite 600
        Birmingham, AL 35203
        james@whitefirmllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, a copy of the foregoing was served electronically on all parties of record in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order.

        */s/John S. Friend*