**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| DONNA DISSELKAMP, et al., | ) |
|     Plaintiffs, | ) **No.: 3:18-cv-00048-GNS-CHL** |
| v. | ) |
| NORTON HEALTHCARE, INC., et al., | ) |
|     Defendants. | ) |

**ORDER APPROVING SETTLEMENT**

Upon consideration of the Plaintiffs' Motion for Final Approval of the Settlement (DN 122) under the terms of a Class Action Settlement Agreement dated the 22nd day of December, 2020 (the "Settlement Agreement") (DN 116-2), the Court hereby finds and concludes:

1. The capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2. In accordance with the Court's Preliminary Approval Order (DN 120), the Settlement Notice was timely distributed by electronic or first-class mail to all Class Members who could be identified with reasonable effort, and the Settlement Notice was published on the Settlement Website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the

circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people and entities entitled thereto.

4. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711 have been met.

5. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6. There are no objections to the Settlement Agreement.

7. The Settlement Agreement is hereby approved and it is adjudged that the terms of the Settlement Agreement are fair, reasonable, and adequate, and in the best interests of the Settlement Class, and the Settling Parties shall take the necessary steps to consummate the Settlement in accordance with the terms and conditions of the Settlement Agreement.

8. Effective as of the date of this complete settlement approval, the operative complaint and all claims asserted in this Action are hereby dismissed, with prejudice, and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement, said dismissal being subject only to compliance by the Parties with the terms of the Settlement Agreement and this or any other Order of this Court concerning the Settlement Agreement.

9. The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) on their own behalf and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, regardless of whether such Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form, filed an objection to the Settlement or to any application

by Class Counsel for an award of Attorneys' Fees and Costs, and whether the objections or claims for distribution of such Class Member have been approved or allowed.

10. The Class Representatives, the Settlement Class Members, and the Plan, acting individually or together, or in combination with others, are hereby barred and permanently enjoined from the assertion, commencement, continuation, institution, and prosecution, either directly or indirectly, individually, representatively, derivatively, or in any capacity, of any other actions in any court, administrative agency, or other tribunal, asserting any and all Released Claims against any and all of the Released Parties or from receiving any additional recovery or relief from any of the Released Parties with respect thereto. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Defendants and Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and Judgment and the Settlement Agreement. Any motion to enforce paragraphs 8 through 11 of this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order and Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

12. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant, pursuant to the Plan of Allocation consistent with Paragraph 26 of the

Settlement Agreement, which Plan of Allocation is hereby approved.

13. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

14. With respect to any matters that arise concerning distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan's administrator pursuant to the applicable law and governing Plan terms.

15. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment or contribution and the amount of such payment or contribution.

16. Upon entry of this Final Order and Judgment, all Class Members and the Plan shall be bound by the Settlement Agreement (including any amendments) and by this Final Order and Judgment.

Therefore, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**Jurisdiction**. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including Defendants and all Members of the Settlement Class.

**Class Findings**. The Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including, but not limited to due process, the Rules of the Court, and any other applicable law have been met as to the Settlement Class, in that, pursuant to Federal Rule of Civil Procedure 23:

(a) The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) Based on allegations in Plaintiffs' Amended Complaint (DN 20), the Court finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) Based on allegations in the Complaint, the Court finds that the Plaintiffs' claims are typical of the claims of the Settlement Class.

(d) Plaintiffs fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions.

(e) The prosecution of separate actions by individual Members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification**. Based on the findings set out above, the Court **CERTIFIES** the following non-opt out Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation ("**Settlement Class**"):

> All persons, other than Defendants, who were participants as of January 22, 2012, in the Norton Healthcare 403(b) Retirement Savings Plan, including: (a) (i) beneficiaries of deceased participants who, as of January 22, 2012, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of January 22, 2012, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than Defendants, who have been participants or beneficiaries in the Plan and had account balances in the Plan at any time between January 22, 2012, through the date of preliminary approval.

The "**Class Period**" is defined as January 22, 2012, through the date of Preliminary Approval.

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1) and is hereby finally certified as such.

As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) Class Counsel's work in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the class. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court finally designates John S. Friend, Robert W. "Joe" Bishop, and Lauren E. Freeman, of Bishop Friend, PSC, Frank H. Tomlinson of Tomlinson Law, LLC, and James H. White, IV of James White Firm, LLC, as Class Counsel ("**Class Counsel**") with respect to the Settlement Class in this Action.

As indicated above, the Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, hereby appoints Plaintiffs, Donna Disselkamp, Erica Hunter, Sey Momodou Bah, Kathy Reed, and Curtis Cornett as the representatives of the Settlement Class.

Attorneys fees, costs, and expenses, and amounts to Plaintiffs for their participation in this Action shall be awarded pursuant to order granting Plaintiffs' motion for Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards for Named Plaintiffs.,

**Approval of Settlement**. The Settlement documented in the Stipulation is hereby **APPROVED**, as the Court finds that: (a) the Settlement resulted from arm's-length negotiations;

(b) the Stipulation was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; and (d) the Settlement is fair, reasonable, and adequate.

The Clerk shall strike this matter from the active docket.

**This is a final and appealable order.**

Greg N. Stivers, Chief Judge
United States District Court

August 27, 2021

cc: counsel of record