**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| DONNA DISSELKAMP, et al., ) | |
| ) | **No.:  3:18-cv-48-GNS-CHL** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTON HEALTHCARE, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CASE CONTRIBUTION AWARDS FOR NAMED PLAINTIFFS**

Pending before the Court is Plaintiffs' Motion for Attorney Fees, Reimbursement of Expenses and Case Contribution Awards for Named Plaintiffs, supported by declarations of Plaintiffs' counsel of record, memoranda, and expert opinion. This motion is not opposed by Defendants. The Court has reviewed Class Counsel's request and supporting evidence, as well as attorney-fee and class representative awards from similar cases, and finds as follows:

1. Class Counsel filed the pending motion for attorneys' fees in the amount of $1,916,666.66 (one-third of the monetary recovery), reimbursement of $56,573.38 in litigation advanced expenses, and case contribution awards of $25,000 each for Named Plaintiffs, Donna Disselkamp, Erica Hunter, Sey Momodou Bah, Kathy Reed, and Curtis Cornett.

2. In determining a reasonable attorney fee in common fund cases, the Court is guided by six factors: (1) the value of the benefit to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing

of counsel involved on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). The Court finds that Plaintiffs' motion satisfies each factor.

3. Class Counsel requests attorneys' fees of 33 1/3% of the settlement proceeds, which would The requested fee of one-third of the monetary recovery is reasonable and appropriate given the risky nature of the litigation and substantial possibility of nonpayment. In particular, in this case, and 403(b) excessive fee cases, the risk of nonpayment is high because no other excessive 403(b) fee lawsuit has ever been successfully tried. This case required a willingness by counsel to risk very significant amounts of time and money.

4. Contingent fees of up to one-third are standard. This is a highly complex case with numerous issues that were vigorously contested. The size and complexity of the issues before the Court, and the novelty of the litigated claims involving a 403(b) plan, are more than sufficient reasons to support a one-third contingent fee.

5. Class Counsel has spent approximately 2,200 hours of attorney time and 1,000 hours of non-attorney time on this matter to date. Based on the documentation submitted by Class Counsel, the Court finds that the time spent by Class Counsel on the case is reasonable considering the complexity and number of contested issues throughout the litigation.  The approved hourly rates are as follows:  $750 per hour for attorneys with over 25 years of experience, $650 per hour for attorneys with 15 to 24 years of experience, $550 per hour for attorneys with 5 to 14 years of experience, $350 per hour for attorneys with 2-4 years of experience, $230 per hour for attorneys with less than 2 years experience, and $175 per hour for law clerks, paralegals, and staff.  Given the substantial risks involved in ERISA excessive fee cases, a risk multiplier is appropriate in this case. This demonstrates the reasonableness of the requested fee award.

    Class Counsel achieved an excellent result on behalf of the class, which has been recognized as the "most critical factor." Class members will receive compensation and be able to invest their proceeds immediately. This adds more value to the settlement. Current participants will receive their distributions tax deferred, directly into their accounts and former participants have the right to direct their distribution into a tax-deferred vehicle, such as an individual retirement account.

6. Under Rule 23(h), this court may award nontaxable costs that are authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). A cost award is authorized by both the parties' settlement agreement and the common fund doctrine. Class Counsel requests reimbursement of expenses in the amount of $56,573.38. The requested expenses are all for legitimate costs associated with prosecuting the case and the amounts are reasonable. The Court finds that Class Counsel's request is fair and reasonable.

7. Class Counsel requests a case contribution award of $25,000 each for Class Representatives, Donna Disselkamp, Erica Hunter, Sey Momodou Bah, Kathy Reed, and Curtis Cornett. The class representatives risked repercussions and provided assistance to Class Counsel in prosecuting the case. The Court finds that the requested case contribution award for the class representatives is reasonable and appropriate.

Greg N. Stivers, Chief Judge
United States District Court

August 27, 2021

cc:    counsel of record